IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Pak's Trading Europe BV, | ) | |
| | ) | C/A No. 6:19-cv-882-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Target Corporation, Hybrid | ) | |
| Promotions, LLC, and Does | ) | |
| 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | |
| . | ) | |
| Delta Apparel, Inc., | ) | |
| | ) | |
| Movant. | ) | |
| _____ | ) | |

This matter is before the court on a motion to quash a subpoena filed by Movant Delta Apparel, Inc. ("Delta Apparel"). (ECF No. 1). Alternatively, Delta Apparel seeks to have the subpoena modified and limited in time and scope. *Id.* Plaintiff Pak's Trading Europe BV ("Pak's Trading") filed a response opposing the motion (ECF No. 7), and Delta Apparel filed a reply (ECF No. 8).

The motion to quash relates to a subpoena issued by the United States District Court for the Central District of California and served on non-party Delta Apparel in connection with a copyright and trademark infringement action that Pak's Trading filed against several entities in the United States District Court for the Central District of California, *Pak's Trading Europe B.V. v. Target Corp., Hybrid Promotions, LLC, and Does 1-10*, No. 8:18-cv-536-DOC-DFM (C.D. Cal.) (the "Underlying Litigation"). The Subpoena seeks the production of documents and the designation of a witness for a deposition. (ECF No. 1-1).

Delta Apparel properly filed its motion to quash in this court, which, as required by Federal Rule of Civil Procedure 45(d)(3), is the court in the district where compliance with the subpoena is required. Fed. R. Civ. P. 45(d)(3). However, Rule 45(f) provides that, "[w]hen the court where

compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Rule 45(f) does not require that a motion to transfer be filed, and the Court may sua sponte order transfer where appropriate." *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016). The Advisory Committee Notes provide the following guidance as to when transfer of a subpoena-related motion is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee notes. After reviewing the parties' filings, the court finds that sua sponte transfer of the motion to quash to the Central District of California is appropriate in this case under Rule 45(f) based upon exceptional circumstances.

In its motion to quash, Delta Apparel argues that the subpoena fails to allow a reasonable time to respond, requires disclosure of privileged material, and imposes an undue burden on Delta Apparel. (ECF No. 1 at 2). Delta Apparel also contends that Pak's Trading is attempting to use this subpoena as a way to gain information for a potential action against Delta Apparel and/or other entities, *id*. at 5, and that this information is readily available from the named defendants in the Underlying Litigation. (ECF No. 8 at 6). Delta Apparel's grounds for quashing the subpoena turn on the relative importance and relevance of the requested documents to the underlying litigation.[1] The California court presumably has more familiarity with the allegations and overall

---

[1]Delta notes that Pak's Trading attempted to name Delta Apparel as a defendant in the Underlying Litigation, but Delta states that the California court "apparently did not grant Plaintiff's request." (ECF No. 1 at 4). Reviewing the docket in the Underlying Litigation, Pak's Trading filed a

course and scope of discovery in the underlying litigation and is in a much better position to determine whether the documents are relevant and narrowly tailored in scope and whether the documents may be readily obtained from the named defendants in the Underlying Litigation. *See Fed. Home Loan Motg. Co. V. Deloite & Touche, LLP,* 309 F.R.D. 41, 43 (D.D.C. 2015) (the relevance assessment weighs in favor of transfer because determining whether information is relevant requires a "nuanced legal analysis based on a full understanding of the Underlying Action."). The court also finds that transfer of the motion to quash is warranted here to avoid disrupting the issuing court's management of the Underlying Litigation and because those interests outweigh whatever interests Delta Apparel may have in resolving the motion to quash in this district and the relatively minimal burden Delta Apparel may face in litigating the motion to quash before the Central District of California Court.

### III. Conclusion

Based on the foregoing, pursuant to Federal Rule of Civil Procedure 45(f), the court **TRANSFERS** this case and the motion to quash to the Central District of California to be filed in *Pak's Trading Europe B.V. v. Target Corp., Hybrid Promotions, LLC, and Does 1-10*, No. 8:18-cv-536-DOC-DFM (C.D. Cal.). Further, the Clerk of the Court is directed to close this action after this motion is transferred.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 22, 2019
Anderson, South Carolina

---

"Notice of Doe Amendment Naming Delta Apparel" on October 3, 2018. *Pak's Trading*, No. 8:18-cv-536-DOC-DFM (C.D. Cal.) (ECF No. 34). However, there does not appear to be any ruling from the court as to this notice.

3